UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | Case No. 08-50880 |
| ) | |
| CONNIE LEIGH KRIM, ) | Chapter 7 |
| ) | |
| Debtor. ) | Judge: MARILYN SHEA-STONUM |

**MOTION OF DEBTOR FOR AN ORDER
REOPENING CHAPTER 7 BANKRUPTCY CASE**

Connie Leigh Krim, the Debtor in the within bankruptcy case (the "Movant" or "Debtor"), respectfully moves this Court, pursuant to 11 U.S.C. § 350(b) and Rule 5010 of the Federal Rules of Bankruptcy Procedure, for an order reopening the bankruptcy case. The Movant requests that the case be reopened to schedule an asset which was inadvertently not previously scheduled, and is property of the bankruptcy estate.

In support of this motion, the Movant states as follows:

**Background**

1. On March 19, 2008, the Movant, Connie Leigh Krim, commenced the within bankruptcy case by filing of a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Debtor's Case").

2. Harold A. Corzin was the appointed Trustee in the Debtor's Case (the "Trustee").

3. The Debtor is a single mother, with two children.

4. Prior to the commencement of the Debtor's Case, from approximately November of 2003 through August of 2007, the Debtor was employed by I. & M.J. Gross Company dba Gross Builders (the "Employer").

5. Beginning in approximately the year 2005 and continuing thereafter, the Debtor's

male supervisor at her Employer (the "Supervisor") subjected the Debtor to unwelcome sexual advances and comments of a sexual nature, and eventually forced the Debtor to engage in sexual acts with him against her will. The Supervisor's actions, which were committed in the scope of the Supervisor's employment, caused the Debtor to suffer serious physical and emotional injuries.

6. In August of 2007, after the sexual harassment occurred, the Debtor was terminated by her Employer.

7. On or about August 30, 2007, the Debtor reported the actions of her Employer and Supervisor to the U.S. Equal Employment Opportunity Commission (the "EEOC"). The EEOC thereafter began its initial investigation of the Debtor's allegations.

8. In early 2008, the Debtor began consultations with the Law Office of Robert M. Whittington, Jr., with respect to her debts. Initially, the Debtor contacted Attorney Whittington's office to assist her in dealing with creditors. Eventually, the personnel at Attorney Whittington's office recommended that she file a chapter 7 bankruptcy case.

9. Prior to the commencement of her chapter 7 case, the Debtor never met with Attorney Whittington. The Debtor only met with a female "paralegal" employed by Attorney Whittington's office to prepare her bankruptcy filing. The Debtor did not actually meet with Attorney Whittington regarding the bankruptcy case until after the case was commenced, at the meeting of creditors held pursuant to 11 U.S.C. § 341.

10. While preparing her bankruptcy filing, the Debtor was not told by her bankruptcy attorney and did not understand that if she had a claim against her Employer or Supervisor, it was to be disclosed in her bankruptcy schedules. The Debtor did not understand and was not

advised by her bankruptcy attorney that she had a duty to disclose the actions of her Employer and Supervisor in her bankruptcy case. At that time, the Debtor had not sought the counseling of an attorney with respect to the actions of her Employer and Supervisor, had not retained any attorney for that matter, and had not asserted any claim as part of a lawsuit or court proceeding. Rather, at the time she was preparing her bankruptcy filing and subsequently appeared for her meeting of creditors, the Debtor had only reported the conduct of her Employer and Supervisor to the EEOC and provided information necessary for the EEOC to investigate her allegations.

11. Accordingly, no reference to the Debtor's sexual harassment by her Employer or Supervisor was disclosed in the Debtor's bankruptcy schedules, or at the meeting of creditors. Under the circumstances, this was an honest omission.

12. On July 31, 2008, the Court entered its final decree in the Debtor's Case and the case was closed on that date, after the Trustee concluded the meeting of creditors and filed his "Report of No Distribution," and after the Court entered its order of discharge.

13. In March of 2009, long after the bankruptcy case was closed, the EEOC issued its "Notice of Right to Sue" in the Debtor's matter, finding that reasonable caused existed to believe that violations of federal law occurred, but declining to bring suit against the Debtor's Employer and Supervisor. On or about March 17, 2009, the "Notice of Right to Sue" was mailed to the Debtor's then current mailing address. In telephone correspondence with representatives of the EEOC at or about this time, the EEOC representatives recommended that the Debtor retain an attorney to prosecute claims against the Employer and Supervisor.

14. In April of 2009, the Debtor retained the law firm of Cathleen Bolek LLC ("Attorney Bolek") to represent her in bringing legal claims against the Employer and

3

08-50880-rls    Doc 16    FILED 01/22/10    ENTERED 01/22/10 11:53:58    Page 3 of 6

Supervisor.

15. On November 4, 2009, Attorney Bolek filed a complaint on the Debtor's behalf against the Employer and Supervisor, stating claims for sexual harassment, retaliation, negligent supervision, and intentional infliction of emotional distress, among other claims (the "Claims"). The suit is titled *Connie L. Krim v. I. & M.J. Gross Company, et al.*, and is now pending in the Court of Common Pleas for Cuyahoga County, Ohio as Case No. CV 09 708751.

16. On or about January 12, 2010, Attorney Bolek first became aware of and discovered the fact that the Debtor had filed a chapter 7 bankruptcy case in 2008. Shortly thereafter, the undersigned counsel was retained to request that the Debtor's Case be reopened to amend the schedules and disclose the Debtor's Claims against the Employer and Supervisor, and other potential claims relating to the matters described above.

### Relief Requested

17. The Debtor requests that her chapter 7 case be reopened for the purpose of amending her bankruptcy schedules to disclose the Claims described above.

18. Section 350(b) of the Bankruptcy Code permits a court to reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." Rule 5010 permits the reopening of a case on the motion of a debtor. The decision on a motion to reopen is committed to the sound discretion of the trial court. *See Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540-41 (6th Cir. 1985). In exercising such discretion, the court "is to consider the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001).

19. In the present case, the Claims arose prior to the commencement of the Debtor's
4

Case, and are property of the estate under 11 U.S.C. § 541.  Property of the estate which is not abandoned under § 554 and is not administered by the Trustee remains property of the estate.  11 U.S.C. § 554(d).

20. The Debtor in this case did not disclose the Claims in her bankruptcy schedules, and hereby represents to the Court that this was an honest omission under the circumstances.  Since the Trustee never administered the Claims, they were not abandoned as of the closing of the Debtor's Case, and therefore remain property of the estate.  *See In re Cundiff*, 227 B.R. 476, 478 (6th Cir. BAP 1998).

21. It is therefore necessary for the Claims to be fully disclosed and administered for the benefit of creditors and the estate.  The Debtor believes the Claims have a substantial value, and will be more than sufficient to pay creditors in full.

22. Based on the equities of this matter, the Debtor respectfully believes sufficient cause exists to grant her motion.  *See also Scharmer v. Carrollton Manufacturing Co.*, 525 F.2d 95, 98 (6th Cir. 1975) ("When new assets are discovered following the close of a bankruptcy case the proper procedure is to apply to the bankruptcy court to reopen the case .... for administration of the assets.")

23. The undersigned counsel notified the Trustee of the existence of the Claims immediately prior to filing this motion.

## Conclusion

WHEREFORE, the Movant, Connie Leigh Krim, respectfully prays for an order reopening the within bankruptcy case for the purpose of disclosing the Claims described above, which are property of the bankruptcy estate, pursuant to 11 U.S.C. § 350(b).

>Respectfully submitted,
>
>/s/ Robert D. Barr
>Robert D. Barr (#0067121)
>DETTELBACH, SICHERMAN & BAUMGART
>1801 East Ninth Street, Suite 1100
>Cleveland, Ohio 44114-3169
>Phone: (216) 696-6000
>Fax: (216) 696-3338
>Email: rbarr@dsb-law.com
>
>Attorney for the Debtor/Movant,
>Connie Leigh Krim

## CERTIFICATE OF SERVICE

A copy of the foregoing motion was served on January 22, 2010, as follows:

**Parties Served Electronically (via ECF):**

Harold A. Corzin, Trustee
hcorzin@csu-law.com

Robert M. Whittington, Jr., Esq.
elkwhitt@neo.rr.com

Office of the United States Trustee

>/s/ Robert D. Barr
>Robert D. Barr, Attorney

6