HAC/lat
6/2/10

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AT AKRON

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-50880 |
| CONNIE LEIGH KRIM | ) | CHAPTER 7 |
| Debtor | ) | BANKRUPTCY JUDGE: MARILYN SHEA-STONUM |
| | ) | |
| | ) | JUDGMENT ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE INTANGIBLE PROPERTY OF THIS ESTATE BY WAY OF REDEMPTION AND TO ABANDON PROPERTY |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter comes before the Court upon the Motion of Harold A. Corzin, Chapter 7 Trustee herein, which seeks to compromise certain intangible property of this estate by way of redemption and, upon receipt of funds sufficient to pay all claims in this estate including administrative expense claims, to thereafter abandon said property. The Trustee recites that the property is a pre-petition cause of action currently in litigation. The litigation is pending in the Cuyahoga County

Court of Common Pleas and is captioned *Connie L. Krim v. I. & M.J. Gross Co., et al., Case No. CV 09-708751.*

The Trustee stated that said Motion was served upon all creditors and all interested parties; notwithstanding this, there have been no objections to the Motion.

The Court finds that the Trustee's Motion is well taken and should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Preferred Capital Funding, having previously agreed to fund the bankruptcy estate to the extent necessary to allow for complete liquidation of claims and expenses, forthwith remit to the Chapter 7 Trustee the sum of $44,820.00, the same representing the total amount of claims filed on or before May 25, 2010 (the claims bar date) and including all court costs and administrative expenses in the form of trustee's fees and reimbursement of trustee's expenses, although nothing contained herein shall be construed as an order of allowance with respect to said trustee's fees and expenses. Any fees or expenses not allowed by this Court shall be returned to Preferred Capital Funding. Conversely, in the event that allowable claims are filed subsequent to the claims bar date, thus representing late claims pursuant to the provisions of 11 U.S.C. §726, said Preferred Capital Funding may be required to pay additional amounts to the Chapter 7 Trustee. However, in no event shall Preferred Capital Funding be obligated to pay more than the total sum of $63,600.00. The debtor shall be responsible for payment of any and all funds in excess of the amount advanced by Preferred Capital Funding.

2

Upon payment of the amount necessary to satisfy all claims in this estate, including allowed late filed claims and administrative claims as set forth above, any and all pre-petition claims of the Debtor in the litigation described above shall be deemed abandoned by the bankruptcy estate.

BE IT SO ORDERED.

###

SUBMITTED BY:

/s/ Harold A. Corzin
HAROLD A. CORZIN (#0005021)
Chapter 7 Trustee
Corzin, Sanislo & Ufholz, LLC
304 N. Cleveland-Massillon Road
Akron, Ohio 44333
Phone: 330-670-0770
Fax: 330-670-0297
hcorzin@csu-law.com

APPROVED:

ROBERT D. BARR (#0067121)
Attorney for Debtor
Dettelbach, Sicherman & Baumgart
1801 East Ninth Street
Suite 1100
Cleveland, Ohio 44114-3169
Phone: 216-696-6000
Fax: 216-696-3338
Email: rbarr@dsb-law.com

3