UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
at AKRON

IN RE:                              :        CASE NO. 08-50880
                                             CHAPTER 7
CONNIE LEIGH KRIM                   :        JUDGE MARILYN SHEA STONUM

        Debtor                      :

## ALEXANDER KRIM'S RESPONSE TO DEBTOR'S
## OBJECTION TO CLAIM NO. 11

The Debtor has acknowledged in her Objection to the Claim of Alexander Krim that the Debtor owes Alexander $15,867.73. She further acknowledged that the parties' Divorce Decree provided that this obligation was to be satisfied from excess funds derived from the sale of the parties' marital home which was located at 130 East Ralston Ave., Akron, Ohio.

The East Ralston Ave. property was sold at Sheriff's sale. The sale resulted in a surplus of funds in the amount of $23,619.03 that was retained by the Clerk until further order. The Debtor has alleged in her Objection that these funds were later used to pay a separate creditor of Claimant Alexander Krim, and as a result, he received the benefit of the excess funds from the foreclosure sale which should be applied toward the Debtor's obligation to Alexander, and as a result, Alexander, having received more than $15,867.73 from the sale of the marital home, allegedly has no claim in these proceedings.

The Claimant will demonstrate that the facts upon which the Debtor is relying to make her argument are not accurate. The Claimant will demonstrate with the attached exhibits set forth below that the excess funds of $23,619.03 were paid to a joint creditor of Connie and Alexander Krim.

### Exhibit A  -  Foreclosure Complaint

The Complaint in Foreclosure indicates that the Plaintiff is Key Bank. Among other parties listed as defendants is Monument Street Funding, LLC, c/o HomeEq Servicing Corporation.

### Exhibit B  -  Motion for Leave to File Answer and Cross-Claim

Monument Street Funding, LLC failed to timely file an Answer to the Foreclosure Complaint, and filed this motion seeking leave of court to file their Answer Instanter. The

motion indicates that Alexander S. Krim and Connie L. Krim executed and delivered to Monument Street Funding, LLC a promissory note and mortgage, which was a valid first mortgage lien on the property at 130 East Ralston Ave.

### Exhibit C - Order denying leave to Monument Street Funding

### Exhibit D - Order Confirming Sale

The Order Confirming Sale indicates that Monument Street Funding, LLC purchased the home at the foreclosure sale, and paid into the Court the purchase funds of $87,000. The Order reveals that a surplus of $23,619.03 remained after the payment of the judgment creditors.

### Exhibit E - Complaint for Money filed by Monument Street Funding, LLC

Even though Monument Street Funding, LLC held the first mortgage on the home, it could not participate in any distribution of the sales proceeds because it was in default of Answer and Cross-Claim. As a result, Monument Street Funding, LLC filed a lawsuit against Alexander S. Krim on it's note (the same note that was referred to in Monument's Motion for Leave to File an Answer in the foreclosure case), claiming $43,690.49 was remaining due and owing thereon. This obligation was a marital debt of Alexander and Connie Krim which was to have been paid from the sale of the East Ralston Ave. property, but was not paid due to Monument's failure to timely file their answer in the foreclosure case.

### Exhibit F - Default Judgment granted to Monument Street Funding, LLC

Monument Street Funding, LLC received a Default Judgment against Alexander Krim for $43,690.49.

### Exhibit G - Complaint for Creditor's Bill

Monument Street Funding, LLC filed suit against the Summit County Clerk of Courts for the purpose of obtaining the $23,619.03 which the Clerk was holding as excess funds from the foreclosure sale to satisfy it's Default Judgment.

## Exhibit H  - Judgment Entry

Monument Street Funding, LLC prevailed on its Creditor's Bill.  The Court ordered the $23,619.03 being held from the foreclosure sale be paid over to Monument Street Funding, LLC.

## Conclusion

The Debtor has argued that the $23,619.03 was not used to pay the marital debt of Connie and Alexander Krim, but was used to pay the sole obligation of Alexander Krim. The documents presented above clearly show that these funds were used to pay toward the parties' first mortgage obligation on their marital home located at 130 East Ralston Ave.

The parties' Decree of Divorce which was attached to Claim No. 11 at paragraph 9 grants Alexander Krim a judgement for $15,867.73 if there are insufficient funds to pay Alexander that amount from the sale of the parties' real estate.  Neither party received any funds, or were credited with any funds derived from the sale of the parties' real estate. Accordingly, Alexander Krim's judgment against the Debtor remains wholly unsatisfied. Alexander Krim has a valid claim against the Debtor.  The Debtor's objection to Claim No. 11 should be denied.

Respectfully submitted,

**DAVID A. LOONEY CO., LPA**

**/s/ DAVID A. LOONEY**
**DAVID A. LOONEY   #0013034**
Attorney for Alexander Krim
1735 S. Main Street
Akron, OH 44301
330-785-3337
330-785-3331 Facsimile
Attorney@bright.net

## CERTIFICATE OF SERVICE

I certify that on July 7, 2010, copies of this Objection were served on the following registered CM/ECF participants, electronically through the Court's transmission facilities at their email addresses listed on the Court's Electronic Mail Notice List:

1.  Robert D. Barr
    Attorney for Debtor

2.  Harold A. Corzin, Trustee

3.  Office of the U. S. Trustee

4.  Robert M. Whittington, Jr.

/s/ DAVID A. LOONEY
**DAVID A. LOONEY    #0013034**
Attorney for Alexander Krim

COPY

DAN K. PALECEK

2005 MAY 18 PM 3:23

SUMMIT COUNTY
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

**KEYBANK NATIONAL ASSOCIATION** )
66 S. Pearl Street )
Albany, New York 12207, )

      **Plaintiff,** )

**vs.** )

**ALEXANDER S. KRIM** )
P. O. Box 27404 )
Akron, Ohio 44319, )

<u>and also serve</u> : )
3717 Eakins Drive )
Cuyahoga Falls, Ohio 44223, )

**and** )

**CONNIE L. KRIM** )
130 E. Ralston Avenue )
Akron, Ohio 44301, )

**and** )

**STATE OF OHIO, BUREAU OF** )
**EMPLOYMENT SERVICES** )
c/o JIM PETRO, )
**OHIO ATTORNEY GENERAL** )
30 E. Broad Street, 17th Floor )
Columbus, OH 43215 )

**and** )

**STATE OF OHIO, BUREAU OF** )
**WORKERS COMPENSATION** )
c/o JIM PETRO, )
**OHIO ATTORNEY GENERAL** )
30 E. Broad Street, 17th Floor )

**CASE NO.** 2005-05-2919

**JUDGE** ASSIGNED TO JUDGE COSGROVE

**COMPLAINT IN FORECLOSURE WITH**
**PRELIMINARY JUDICIAL REPORT**
<u>**ATTACHED**</u>

Thomas J. Kelley (#0024805)
**Cline, Cook & Weisenburger Co. LPA**
**300 Madison Avenue, Suite 1100**
**Toledo, Ohio 43604-2605**
**Telephone: (419) 321-6444**
**Facsimile: (419) 321-6430**
**Attorney for Plaintiff, KeyBank**
**National Association**



EXHIBIT

A

Columbus, OH   43215                    )
                                        )
AND                                     )
                                        )
AMERICA'S WHOLESALE LENDER              )
P. O. Box 660694                        )
Dallas, Texas   75266,                  )
                                        )
and                                     )
                                        )
COUNTRYWIDE HOME LOANS, INC.            )
Fka Countrywide Funding                 )
Corporation                             )
7105 Corporate Drive                    )
Mail Stop PTX-C-35                      )
Plano, Texas   75024,                   )
                                        )
and                                     )
                                        )
MONUMENT STREET FUNDING, LLC            )
C/o HomeEq Servicing Corporation,       )
Successor to First Union Home           )
Equity Bank, N.A.                       )
1100 Corporate Center Drive             )
Raleigh, North Carolina  27607,         )
                                        )
and                                     )
                                        )
CAPITAL ONE BANK                        )
1300 E. 9th Street, 14th Floor          )
Cleveland, Ohio   44114,                )
                                        )
and                                     )
                                        )
TARGET NATIONAL BANK                    )
3701 Wayzata Boulevard                  )
MS-3CG                                  )
Minneapolis, Minnesota  55416,          )
                                        )
and                                     )
                                        )
JOHN A. DONOFRIO, FISCAL                )
OFFICER, Summit County, Ohio            )
175 S. Main Street                      )
Akron, Ohio  44308,                     )

2

| | )|
|---|---|
| **Defendants.** | ) |
| | ) |

## COUNT ONE

1.    Plaintiff is a national banking association authorized to do business in the State of Ohio.

2.    On or about March 12, 2002, Defendant, Alexander S. Krim, executed and delivered to Plaintiff his Key Equity Options Agreement in the amount of $48,000.00, a copy of which is attached hereto, made a part hereof, and marked as Exhibit A.

3.    Defendant, Alexander S. Krim, is in default pursuant to the terms of said Key Equity Options Agreement, and there is due and owing from this Defendant the principal sum of $47,393.41, with interest at the rate of 5.5 percent per annum from January 9, 2005.

## COUNT TWO

4.    Plaintiff incorporates herein the allegations contained in Count One as if fully rewritten.

5.    To secure the payment of the Key Equity Options Agreement described in Count One, Defendant, Alexander S. Krim and Connie Krim, being the owners of the following described property, executed and delivered to Plaintiff on March 12, 2002, their Open-End Mortgage covering the following described property, to wit:

> Situated in the City of Akron, County of Summit and
> State of Ohio:  And known as being all of Lot No.
> 5...(See Legal Description Attached As Exhibit E.)

3

COPY `

6.     Plaintiff states further that said Mortgage was filed for record on March 18, 2002 and recorded in Instrument No. 54673989 of Summit County Records, and that a true copy of said Mortgage is attached, made a part hereof, and marked as Exhibit B.

7.     Plaintiff states further that the Defendants, Alexander S. Krim and Connie Krim, are in default pursuant to the terms of said Mortgage, and that Plaintiff is entitled to have said Mortgage foreclosed and that the above-described property be appraised and sold according to law at sheriff's sale.

8.     Plaintiff states further that it has incurred expenses in obtaining a Preliminary Judicial Report in the amount of $569.00, and that said sum is justly due and owing under the terms of the Key Equity Options Agreement from Defendant, Alexander S. Krim.

9.     Plaintiff states further that Defendants, Connie L. Krim, State of Ohio, Bureau of Employment Services, State of Ohio, Bureau of Workers Compensation, America's Wholesale Lender, Countrywide Home Loans, Inc., Monument Street Funding, LLC, Capital One Bank, Target National Bank, and John A. Donofrio, Summit County Fiscal Officer, may claim an interest in and to the subject premises. Their interests in the property is suggested in the Preliminary Judicial Report and Supplemental Preliminary Judicial Report, the originals of which are attached hereto and marked as Exhibits C and D.

WHEREFORE, Plaintiff demands judgment as follows:

1.     That the Defendants be required to answer herein and set forth their respective claims and defenses or be forever barred and enjoined from asserting any

4

claim, interest or lien in and to the subject premises, or any part thereof, or from the proceeds of any sheriff's sale;

2. That the Plaintiff have and recover judgment against the Defendant, Alexander S. Krim, the amount of $47,393.41, with interest at the rate of 5.5 percent per annum from January 9, 2005.

3. That the Mortgage described in Count Two be foreclosed, and that the lien of the Plaintiff may be decreed to be the first and best lien, after real estate taxes, upon said premises and any funds realized from the sale thereof;

4. That the Court fix and determine the priority of liens of the Defendants and marshal the same, if any;

5. That the property described in Count Two may be ordered sold as upon execution and the proceeds thereof be applied to the payment of taxes and assessments against said premises, the cost and expense that the Plaintiff has incurred herein, including title costs, the cost of publication, and to the satisfaction of Plaintiff's Key Equity Options Agreement;

6. That the Plaintiff have such other and further relief as the Court may deem just and equitable in the premises.

Respectfully submitted

_____

Thomas J. Kelley
Attorney for Plaintiff, Key Bank National
Association

5

COPY

F-76565                    DAH:br                    03/07/06

## DIANA ZALESKI

2005 MAR 13 PM 1:38

SUMMIT COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| Keybank National Association | ) | CASE NO. 2005 05 2919 |
| | ) | |
| Plaintiff | ) | JUDGE COSGROVE |
| | ) | |
| -vs- | ) | MOTION FOR LEAVE TO FILE |
| | ) | ANSWER AND CROSS-CLAIM |
| Alexander S. Krim, et al. | ) | INSTANTER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant, Monument Street Funding, LLC, Successor by merger
to First Union Home Equity Bank, N.A. moves the Court for an
Order granting it leave to filed its Answer Instanter and Cross-
claim in the above-captioned case.

The Defendants Alexander S. Krim and Connie L. Krim also
executed and delivered to Monument Street Funding, LLC, Successor
by Merger to First Union Home Equity Bank, N.A. Promissory Note
along with a certain mortgage deed, attached hereto as Exhibits A
and B, concurrently, and thereby conveyed to it the premises
described therein; said mortgage deed was duly filed with the
Recorder of Summit County on December 12, 1997 Instrument No.
54085714, of the Mortgage Records of said County;



EXHIBIT
B

**COPY**

and that said Defendant, Monument Street Funding, LLC, Successor by Merger to First Union Home Equity Bank, N.A., has by reason thereof, a good and valid first mortgage lien upon the premises in the amount of the balance due on said promissory note.

Defendant requests that the Court grant its Motion to file an Answer and Cross-claim Instanter.

REIMER, LORBER & ARNOVITZ CO., L.P.A.

By: _____
Dennis Reimer (0031109)
Douglas A. Haessig (0079200)
Reimer, Lorber & Arnovitz Co., L.P.A.
2450 Edison Blvd.
P.O. Box 968
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: (330) 487-0923
dhaessig@reimerlaw.com
Attorney for Plaintiff

COPY

63299

A ZALESKI
2006 APR -6 PM 3:35
SUMMIT COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS

COUNTY OF SUMMIT

| | | |
|---|---|---|
| KEYBANK, N.A. | ) | CASE NO. CV 05 05 2919 |
| Plaintiff | ) | JUDGE COSGROVE |
| | ) | MAGISTRATE SHOEMAKER |
| -vs- | ) | |
| | ) | |
| ALEXANDER S. KRIM, et al. | ) | **ORDER** |
| | ) | |
| Defendants | ) | |

- - -

This matter came on for consideration upon a motion filed on April 6, 2006 by the

Defendant, Monument Street Funding, LLC; such motion being a renewal of its motion to file an

answer and cross-claim instanter.

This Court has reviewed this case which was commenced with the Plaintiff, KeyBank

National Association's complaint filed on May 18, 2005. On October 26, 2005 this Court

entered a decree of foreclosure, establishing finality of judgment in this matter.

Thereafter on March 13, 2006, Monument Street Funding, LLC filed a motion to

amend the Court's decree of foreclosure nunc pro tunc. Concomitantly with such filing on

March 13, 2006 was the Defendant Monument Street Funding, LLC's motion for leave to file an

answer and cross-claim instanter.

This Court specifically addressed this matter on March 28, 2006 by its Order

declaring such motions of March 13, 2006 not well taken, and the same were dismissed. The



EXHIBIT
C

COPY

Court further stated that the Court's final decree and judgment as entered on October 26, 2006 shall not be changed or otherwise amended.

This Court further finds that based upon the record in this matter, Plaintiff, on September 22, 2005, filed a motion for default judgment against others, to include the current moving party, Monument Street Funding, LLC, with a copy of such motion being sent to Monument Street Funding, LLC, c/o Homeq Servicing Corp., 1100 Corporate Center Drive, Raleigh, North Carolina 27607. Nowhere in the April 6, 2006 renewed motion to file an answer and cross-claim instanter is there any explanation as to why this Court should disturb its previously entered final judgment entered on October 26, 2005.

Wherefore, such motion is denied and all matters shall proceed, based upon the Court's final decree entered on October 26, 2005.

Further, the Sheriff's scheduled sale of the real estate in this matter, scheduled for such sale on April 7, 2006, shall proceed.

It is so ordered.

_____
JUDGE PATRICIA A. COSGROVE

cc: Attorney Douglas A. Haessig
    Attorney Thomas J. Kelley
    Attorney Mary Spahia-Carducci
    Attorney Robert K. Hogan

ctm
05-2919-a

COPY

2006 APR 27 AM 8: 18

CLERK OF COURT

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

KEYBANK NATIONAL ASSOCIATION,)      CASE NO. 2005-05-2919
                  )
     Plaintiff,                 )      JUDGE COSGROVE
                  )
vs.                      )      ORDER CONFIRMING SALE,
                  )      ORDERING OF DEED AND
ALEXANDER S. KRIM, et al.    )      DISTRIBUTION
                  )
     Defendants.            )

        This day this cause came on to be heard upon the Motion of Plaintiff to conf

the sale of the real estate described in Plaintiff's Complaint heretofore made by

Sheriff of Summit County, Ohio and for an Order approving the return of the Sherif

Summit County, Ohio and for an Order of this Court directing the Sheriff of Sum

County, Ohio to convey the premises described in the Plaintiff's Complaint to

purchaser hereof, to wit: Monument Street Funding, LLC, and for an Order of the Co

distributing the proceeds derived from said sale.

        The Court being fully advised in the premises, and upon examination of the rel

of the Sheriff of Summit County, Ohio, of his proceedings of sale under the former Ord

of this Court, and the pleadings, and upon the Motion of Plaintiff, finds that a

proceedings of sale have been in all respects regular and according to law and accord

to the former Orders of this Court, and the same should be and hereby are approved a

confirmed.



EXHIBIT

D



IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the proceedings of the Sheriff of Summit County, Ohio, of said sale be and they are hereby approved and confirmed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Sheriff of Summit County, Ohio, convey by duly executed Deed to the purchaser, Monument Street Fund, LLC, 1100 Corporate Center Drive, Raleigh, North Carolina 27607, or its heirs or assigns, the real estate sold in the within action, free and clear of all liens, encumbrances and claims of the parties as they have been set forth in this cause of action. Said real estate is described as follows:

**See Legal Description Attached As Exhibit A.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this conveyance should be made upon the purchaser, Monument Street Funding, LLC, paying the purchase price for said premises in the amount of $87,000.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said purchaser, and its/their heirs and assigns, be and are hereby subrogated to all of the rights of said lien holders in said real estate as they may be paid out of the proceeds of said sale.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a writ of possession be granted to the purchaser, Monument Street Funding, LLC, 1100 Corporate Center Drive, Raleigh, North Carolina 27607, to put it in possession of the premises described in Plaintiff's Complaint.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all liens upon the premises be transferred therefrom to the fund arising out of the sale thereof, and that the

2

COPY
COPY

purchasers take the premises free from any liens thereof, except real estate taxes and penalties now due or hereafter payable.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of this Court cause to be entered upon the records of the office of the Recorder of Summit County, Ohio, satisfaction of the following mortgages, to-wit:

1.  Mortgage to First Union Home Equity Bank, N.A. from Alexander S. Krim and Connie L. Krim, dated December 10, 1997, and filed for record December 12, 1997, in Mortgage Instrument No. 54085714, Summit County Records.

2.  Mortgage to KeyBank National Association from Alexander S. Krim and Leigh Krim, Husband and Wife, dated March 12, 2002, and filed for record on March 18, 2002, in Mortgage Instrument No. 54673989, Summit County Records.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of this Court shall cause to be entered upon its records partial release of the following Judgment Liens, to-wit:

1.  Judgment Lien in favor of Capital One Bank against Alex Krim, in the amount of $4,806.76 plus interest at 4% from July 09, 2004 and costs, filed for record December 20, 2004, as Judgment Lien No. J2004-7023.

2.  Judgment Lien in favor of Target National Bank against Alexander S. Krim, in the amount of $5,965.10 plus interest at 18.9% from March 04, 2005 and costs, filed for record April 7, 2005, as Judgment Lien No. J2005-1977.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the proceeds of the sale of the subject property be paid out and distributed by the Sheriff of Summit County, Ohio as follows:

3

COPY
COPY

1.  To the Clerk of this Court, $2,350.90 for the costs of this action.

2.  To the Summit County Fiscal Office, taxes, assessments and/or penalties in the amount of $966.66.

3.  To Plaintiff, KeyBank National Association, $719.00, representing reimbursement of title expense.

5.  To Plaintiff, KeyBank National Association, the sum of $54,902.78, representing payment of its judgment.

6.  To Defendant, Capital One, the sum of $4,441.63, representing payment of its judgment lien.

7.  The balance of the proceeds, $23,619.03, to be held by the Clerk of this Court until further Order.

_____
Judge, Summit County Common Pleas Court

**APPROVED:**

_____
Thomas J. Kelley
Attorney for Plaintiff, KeyBank National Association

Written Approval  April 20, 2006
Scott E. Collister
Attorney for Defendant,
Capital One Bank

4



#1710

Situated in the City of Akron, County of Summit and State of Ohio:

And known as being all of Lot No. 5 in Beacon Heights Allotment, as recorded in Plat Book 42, Page 31 of Summit County Records.

Premises commonly known as: 130 East Ralston Avenue, Akron, Ohio 44301

Parcel No. 6810550

Routing No. 070032413009000

Legal Description approved for
Sheriff's Sale by
7/324 DU 9.2.05

EXHIBIT A

COPY F-76565          DR/car          04/18/06          /

2006 APR 21  AM 8: 35

SUMMIT COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

Monument Street Funding, LLC ) CASE NO.  2006 04 2621
c/o HomEq Servicing Corporation )
Successor to First Union Home )
Equity Bank, N.A. )
1100 Corporate Center Dr. )
Raleigh, NC  27607 )
)
              Plaintiff )
) JUDGE    ASSIGNED TO JUDGE SPICER
-vs- )
)
Alexander S. Krim )
P.O. Box 176 ) COMPLAINT FOR MONEY ONLY
Tallmadge, OH  44278 )
)
also serve at )
3717 Elkins Drive )
Cuyahoga Falls, OH 44223 ) NOTICE UNDER THE FAIR DEBT
) COLLECTION PRACTICES ACT
)
also serve at )
P.O. 27404 )
Akron, OH 44319 )
)
              Defendants )
)

        1.  NOW COMES the Plaintiff and says that it is the holder of

the Note attached hereto and marked Exhibit "A" executed by the

Defendants in the territorial jurisdiction of this Court.

        2.  Plaintiff further says that there is due and unpaid on

said Promissory Note the sum of $43,690.49, plus interest at the



EXHIBIT
E

COPY

rate of 8.49% per annum from September 1, 2005, plus sums advanced for taxes and insurance on their behalf pursuant to the Note.

3.  Plaintiff further says that demand has been made upon said Defendants but Defendants have failed to pay said Note in accordance with the terms thereof.

WHEREFORE, Plaintiff prays for judgment against the Defendant, Alexander S. Krim, for the sum of $43,690.49, plus interest at the rate of 8.49% per annum from September 1, 2005, plus sums advanced for taxes and insurance on their behalf pursuant to the Note, plus the costs of this action.

REIMER, LORBER & ARNOVITZ CO., L.P.A.
BY: DENNIS REIMER (#0031109)
    DOUGLAS A. HAESSIG (#0079200)
Attorneys for Plaintiff
P.O. Box 968
Twinsburg, Ohio  44087
Phone: (330) 425-4201
Fax:    (330) 487-0923
dreimer@reimerlaw.com

Account No. ___1571001486___

# FIXED RATE NOTE

_____ December    10    1997

$_____68,500.00_____          STOW      ,    OH

___130 E BALSTON AV AKRON OH 44301___
                              Property Address

FOR VALUE RECEIVED, I, the undersigned (jointly and severally) promise to pay ___FIRST UNION HOME EQUITY BANK, N. A.___ a national banking association organized and existing under the laws of the United States of America, ("Note Holder"), or order, the principal sum of ___Sixty Six Thousand Five Hundred and no/100___ (    ) Dollars ($_____68,500.00____) with interest on the unpaid principal balance from the date of this Note, until paid, at the rate of ___Eight and Forty Nine Hundredths___ percent (_8.490___%) per annum.

## PAYMENTS
I will make payments as indicated below:

[X]    MONTHLY INSTALLMENT PAYMENTS OF PRINCIPAL AND INTEREST

Beginning ___February     1  1998_____, I will make ___180___ consecutive monthly installment payments of principal and interest of ___Six Hundred Fifty Four and 46/100___ Dollars ($___654.46___) on the ___1st___ day of each month. I will make these payments on the same day of each succeeding month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Principal and interest shall be payable in lawful money of the United States of America, at the offices of Note Holder in Charlotte, North Carolina (or at such other place as the Note Holder may designate in writing). In applying installments under this Note, Note Holder will apply all amounts received first to all interest accrued on the date the payment is credited, then to the unpaid principal balance and then to other charges, if any as stated in this Note until the entire indebtedness, evidenced by this Note, is fully paid, except that any remaining indebtedness, If not sooner paid, shall be due and payable on ___January     1  2013_____.

[ ]    INTEREST ONLY PAYMENTS AND MONTHLY INSTALLMENT PAYMENTS OF PRINCIPAL AND INTEREST

I will make _____ payments of interest only of _____ Dollars ($_____) at the yearly rate of _____ % beginning _____. During this time if I pay only the amount listed above, my principal balance will not decrease.

Beginning _____, I will make _____ consecutive monthly installment payments of principal and interest of _____ Dollars ($_____) on the _____ day of each month. I will make these payments on the same day of each succeeding month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Principal and interest shall be payable in lawful money of the United States of America, at the offices of Note Holder in Charlotte, North Carolina (or at such other place as the Note Holder may designate in writing). In applying installments under this Note, Note Holder will apply all amounts received first to all interest accrued on the date the payment is credited, then to the unpaid principal balance and then to other charges, if any as stated in this Note until the entire indebtedness, evidenced by this Note, is fully paid, except that any remaining indebtedness, if not sooner paid, shall be due and payable on

[ ]    HOME IMPROVEMENT CONSTRUCTION LOAN INTEREST PAYMENTS AND MONTHLY INSTALLMENT PAYMENTS OF PRINCIPAL AND INTEREST

I will make _____ payments of interest only at the yearly rate of _____ % on the monies actually advanced.  I will make these interest payments beginning _____ and I will receive special billing for these payments.

EXHIBIT___4___

Ex. A

COPY

Beginning _____, I will make _____ consecutive monthly installment payments of principal and interest of _____ Dollars ($_____) on the _____ day of each month. I will make these payments on the same day of each succeeding month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Principal and interest shall be payable in lawful money of the United States of America, at the offices of Note Holder in Charlotte, North Carolina (or at such other place as the Note Holder may designate in writing). In applying installments under this Note, Note Holder will apply all amounts received first to all interest accrued on the date the payment is credited, then to the unpaid principal balance and then to other charges, if any as stated in this Note until the entire indebtedness, evidenced by this Note, is fully paid, except that any remaining indebtedness, if not sooner paid, shall be due and payable on _____.

This Note represents my present and future obligation to repay present and future advances to be made by the Lender pursuant to a Home Improvement Construction Loan Agreement executed by the Lender and me. The maximum amount of present and future obligations which may be represented by this Note is $_____. The Lender may, at its option and upon my request, extend the period within which the future advances will be made. The making of future advances hereunder up to the amount of $_____ outstanding at any one time is obligatory however, such future advances are subject to the terms and provisions of the Home Improvement Construction Loan Agreement.

This Note is for home improvement construction financing followed by permanent financing at the completion of the home improvement construction period. During the first _____ months of the loan, monies will be advanced to me for construction of improvements in accordance with the Home Improvement Construction Loan Agreement that I am signing with this Note. After construction of the improvements is completed, the loan shall become a permanent loan.

> In the event all monies are advanced prior to the end of the _____ months, I understand that I may be requested by Note Holder to amend the Note to provide for the monthly payment date to change to allow the principal and interest payments to begin within 30 days following the last advance.

> Not withstanding anything to the contrary contained herein, I understand that if the improvements to be constructed as provided in the Home Improvement Construction Loan Agreement are not completed by the first day of the _____ month following the first advance, or if I fail to perform any promises or agreements in the Home Improvement Construction Loan Agreement, I will be in default under this Note and the Note Holder upon providing such notices as required by law, can demand immediate repayment of the entire amount of outstanding principal and interest due, and Note Holder shall have no further obligation to convert this loan to a permanent loan as described above.

☐ **MONTHLY INSTALLMENT PAYMENTS OF PRINCIPAL AND INTEREST WITH BALLOON PAYMENT**

Beginning _____, I will make _____ consecutive monthly installment payments of principal and interest of _____ Dollars ($_____) on the _____ day of each month and one final payment of _____ Dollars ($_____) plus all accrued interest. I will make these payments on the same day of each succeeding month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Principal and interest shall be payable in lawful money of the United States of America, at the offices of Note Holder in Charlotte, North Carolina (or at such other place as the Note Holder may designate in writing). In applying installments under this Note, Note Holder will apply all amounts received first to all interest accrued on the date the payment is credited, then to the unpaid principal balance and then to other charges, if any as stated in this Note until the entire indebtedness, evidenced by this Note, is fully paid, except that any remaining indebtedness, if not sooner paid, shall be due and payable on _____.

In the event of a default in the payment of any installment due on this Note, or a default in the performance of any covenant or condition in the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") securing this Note, or a default in the performance of the obligations imposed by any Security Instrument constituting a lien superior to the Security Instrument securing this Note, the Note Holder of this Note shall have the right and option to declare the entire unpaid balance of this within indebtedness due and payable at once and to foreclose any Security Instrument securing this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of a subsequent default.

In the event that the Borrower fails to pay any installment at the time when the same becomes due, and the installment is overdue in excess of fifteen (15) days, Borrower shall pay a "late charge" of four percent (4%) of the overdue installment. In applying installments under this Note, Note Holder will apply all installments received first to any past due installments, then to the current installment due. The Note Holder may collect a processing fee for each check which is dishonored and returned as provided by state law or charged by national banks.

COPY

The undersigned may prepay without penalty the indebtedness evidenced hereby in whole or in part at any time. Any prepayment will be applied to the outstanding principal balance after payment of all interest through the date of such prepayment. Any prepayment will not postpone the due date of any subsequent monthly installment unless Note Holder otherwise agrees in writing.

In the event it becomes necessary to refer this Note to an attorney-at-law for collection, or if this debt or any part hereof be collected by an attorney or legal proceedings of any kind, the Note Holder will have the right to be paid back by the undersigned for all of its costs and expenses in enforcing this Note the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

All endorsers, sureties and guarantors and I further consent to any and all extensions of time, renewals, waivers or modifications which may be granted or consented to by the Note Holder as to the time of payment or any other provision of this Note. If this Note will result in a second lien on my home and if an extension, renewal or modification is made, I agree to pay a charge, as additional interest, of the greater of $50.00 or one-quarter (1/4) of one (1%) percent of the loan balance then outstanding. Presentment, notice of dishonor, and protest are hereby waived by all makers, sureties, guarantors, and endorsers hereof. This Note is the joint and several obligation of each maker and shall be binding upon them and their heirs, successors and assigns.

This Note is secured by a Security Instrument of even date herewith executed by the undersigned and constituting a lien on real property described therein.

_____  
Witness

_____  
Witness

_____  (SEAL)  
Borrower  
ALEXANDER S KRIM

_____  (SEAL)  
Borrower

COPY
COPY

F-76565        DR/car        08/22/06

DIANA ZALESKI
2006 SEP -1 AM 9:22
SUMMIT COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| Monument Street Funding, LLC | ) | CASE NO. CV2006 04 2621 |
|---|---|---|
| Plaintiff | ) | |
| -vs- | ) | JUDGE SPICER |
| Alexander S. Krim | ) | JUDGMENT ENTRY |
| Defendant | ) | |

THIS CAUSE came on to be heard upon the Complaint of Plaintiff and the Application For Default, the Defendant being duly served with Summons according to law and being in default of Answer or other pleading.

The Court finds upon the Complaint that there is due the Plaintiff from the Defendant, Alexander S. Krim, the sum of $43,690.49, plus interest at the rate of 8.49% per annum from September 1, 2005, plus the costs of this action.

It is, therefore, the ORDER of this Court that judgment shall and is hereby rendered in favor of the Plaintiff against said



EXHIBIT
F

COPY

COPY

Defendant for the sum of $43,690.49, plus interest at the rate of 8.49% per annum from September 1, 2005, plus the costs of this action.

_Mary J Sprin_
JUDGE

APPROVED BY:

REIMER, LORBER & ARNOVITZ CO., L.P.A.
BY: DENNIS REIMER (#0031109)
    F. PETER COSTELLO (#0076112)
Attorneys for Plaintiff
P.O. Box 968
Twinsburg, Ohio 44087
Phone: (330) 425-4201
Fax:   (330) 487-0923
dreimer@reimerlaw.com

COPY



F-76565-DR

DI...A ZA...
2006 OCT -6 AM 8: 21
CLERK OF COURTS

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

Monument Street Funding, LLC )   CASE NO. **2006 10 6361**
c/o HomEq Servicing Corporation )
1100 Corporate Center Drive )   JUDGE  **ASSIGNED TO JUDGE SPICER**
Raleigh, North Carolina 27607 )
                     )
       Plaintiff, )   **COMPLAINT FOR**
                     )   **CREDITOR'S BILL**
                     )
                     )
     -vs- )   **AND**
                     )
Alexander S. Krim )   **NOTICE UNDER THE FAIR DEBT**
P.O. Box 176 )   **COLLECTION PRACTICES ACT**
Tallmadge, Ohio 44278 )
                     )
Also at: )
3717 Elkins Drive )
Cuyahoga Falls, OH 44223 )
                     )
P.O. Box 27404 )
Akron, OH 44319 )
                     )
-and- )
                     )
Clerk of Courts )
Summit County Court of Common Pleas )
Civil Division
205 S. High Street, 1st Floor
Akron, Ohio 44308

          Defendants.



COPY

NOW COMES THE PLAINTIFF, Monument Street Funding, LLC., by and through counsel, and for its Complaint for Creditor's Bill against Defendants Alexander S. Krim and Summit County Clerk of Courts, states the following:.

1.    Plaintiff Monument Street Funding, LLC., (hereinafter known as "Plaintiff") on September 1, 2006 obtained a Judgment against Defendant Alexander S. Krim in a case captioned Monument Street Funding, LLC v. Alexander S. Krim, filed under case no. CV2006 04 2621, in Summit County Common Pleas Court. *A copy of the Judgment is attached as Exhibit A.*

2.    The Judgment is in the amount of Forty Three Thousand Six Hundred Ninety Dollars and Forty Nine Cents ($43,690.49), plus 8.49% interest per annum from September 1, 2005, plus costs of the action. *See Exhibit A, Judgment.*

3.    Said Judgment remains in full force and effect, unreversed, unmodified, and unsatisfied with a balance of Forty Three Thousand Six Hundred Ninety Dollars and Forty Nine Cents ($43,690.49), plus 8.49% interest per annum from September 1, 2005, plus costs of the action.

4.    Defendant Alexander S. Krim currently has no personal property or real property sufficient to satisfy the Judgment.

5.    On April 27, 2006 the Summit County Court had ordered the Sheriff to convey the real property previously owned by Defendant Alexander S. Krim to Plaintiff Monument Street Funding, LLC and to have the Clerk hold the sum of $26,619.03 for further Order of Court. *See copy of Order confirming sale, ordering of deed and distribution attached as Exhibit B.*

6.    The funds being held by the Clerk aforesaid are due the Defendant, Alexander S. Krim, since said Defendant is the only other party that has an interest in the property since all other lienholders have been paid or are in default of Answer or other pleading..

7. Plaintiff's judgment against Defendant Alexander S. Krim remains unsatisfied with a balance of Forty Three Thousand Six Hundred Ninety Dollars and Forty Nine Cents ($43,690.49), plus (8.49%) percent interest per annum from September 1, 2005, plus costs of the action.

8. The Clerk of the Common Pleas Court is holding the remaining balance of the proceeds of $23,619.03. *See Exhibit B, Order.*

9. Defendant, Summit County Clerk of Courts, has in its possession, custody or control, funds belonging to Defendant Alexander S. Krim, or in which said Defendant Alexander S. Krim would have an interest in the future if he made application to the Court therefor.

W H E R E F O R E, Plaintiff seeks the aid of this Court permitting Plaintiff to recover those sums due Plaintiff from the Clerk of Courts in order to satisfy Plaintiff's Judgment against Defendant Alexander S. Krim, and that Defendant Alexander S. Krim be enjoined from receiving said funds..

IT IS FURTHER DEMANDED that Defendant Summit County Clerk of Courts be ordered to pay to Plaintiff and apply said sums against the judgment due the Plaintiff herein from the Defendant, Alexander S. Krim, since the amount due the Plaintiff herein exceeds the amount being held by the Clerk.

Reimer, Lorber & Arnovitz Co., L.P.A.
Dennis Reimer (0031109)
P.O. Box 968
2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: (330) 487-0923